[Cite as *State v. Julien*, 2018-Ohio-1572.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

        PLAINTIFF-APPELLEE,

        v.

JEFFREY T. JULIEN,

        DEFENDANT-APPELLANT.

CASE NO. 5-17-31

O P I N I O N

Appeal from Hancock County Common Pleas Court
Trial Court No. 2017-CR-126

**Judgment Affirmed**

**Date of Decision:  April 23, 2018**

APPEARANCES:

    *William T. Cramer* for Appellant

    *Lora L. Manon* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Jeffery T. Julien ("Julien") brings this appeal from the judgment of the Court of Common Pleas of Hancock County sentencing him to thirty months in prison. Julien argues on appeal that the sentence is not supported by clear and convincing evidence. For the reasons set forth below, the judgment is affirmed.

{¶2} In April of 2017, the Hancock County Grand Jury indicted Julien on three counts: 1) Kidnapping in violation of R.C. 2905.01(A)(4), a felony of the first degree; 2) Importuning in violation of R.C. 2907.07(A), a felony of the third degree; and 3) Gross Sexual Imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree. Doc. 1. Julien entered pleas of not guilty to all counts of the indictment. Doc. 3. On September 6, 2017, Julien and the State entered into an agreement whereby the State dismissed counts one and three of the indictment and Julien entered an Alford plea of guilty. Doc. 46 and 48. The trial court then discussed the effect of the change of plea, the possible sentences, and post-release control before accepting the Alford plea of guilty. Doc. 53. After much discussion with Julien, the trial court accepted the change of plea and found him guilty of importuning. *Id*.

{¶3} On October 11, 2017, a sentencing hearing was held. Doc. 86. The trial court indicated that it had reviewed the presentence investigation report ("PSI"). *Id*. at 8. The State then requested that the trial court impose the maximum

sentence. *Id*. at 11. Julien's counsel requested that the trial court impose community control rather than a prison term. *Id*. at 21. The trial court indicated that it had considered the overriding purposes and principals of sentencing. *Id*. at 28-29. The trial court then indicated that it had considered the seriousness factors. *Id*. at 29-31. The trial court also addressed the recidivism factors. *Id*. at 32-35. The trial court then imposed a prison term of thirty months. *Id*. at 35. The sentence was entered on the docket on October 25, 2017. Doc. 57.

{¶4} On November 13, 2017, Julien filed his notice of appeal. Doc. 63. On appeal, Julien raised the following assignment of error.

> **The trial court's sentencing findings are not supported by clear and convincing evidence.**

{¶5} The sole assignment of error is that the sentence is not supported by the evidence.[1] This court has previously held that trial courts have full discretion to impose any prison sentence within the statutory range as long as they consider the purposes and principles of felony sentencing and the seriousness and recidivism factors. *State v. Alselami*, 3d Dist. Hancock No. 5-11-31, 2012-Ohio-987, ¶ 21. The trial court is not required to make any specific findings to demonstrate the consideration of the general guidelines set forth in R.C. 2929.11 and 2929.12. *Id*.

---

[1] This court initially notes that the assignment of error fails on its face because appellant misstates the burden of proof. The statute provides that the appellate court may reverse the judgment of the trial court if the appellant shows by clear and convincing evidence that the record does not support the sentence or that the sentence is contrary to law. The sentence need not be supported by clear and convincing evidence. The appellant must show by clear and convincing evidence that it is not supported by competent, credible evidence.

> **R.C. 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). In order to comply with those purposes and principles, R.C. 2929.12 instructs a trial court to consider various factors set forth in the statute relating to the seriousness of the conduct and to the likelihood of the offender's recidivism. R.C. 2929.12(A) through (D). In addition, a trial court may consider any other factors that are relevant to achieving the purposes and principles of sentencing. R.C. 2929.12(E).**

*Id.* at ¶ 22.

{¶6} Here, Julien was convicted of a felony of the third degree. "For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." R.C. 2929.14(A)(3)(b). The sentence imposed by the trial court was thirty months, so was within the statutory range. Thus the only question left is whether the trial court considered the statutory factors and if the evidence supports the trial court's conclusions.

{¶7} A review of the record indicates that the trial court considered the factors set forth in R.C. 2929.11 and 2929.12 in depth. The trial court set forth the reasons for the findings it made and what facts led to the findings, including the observations of the trial court, the statements made in the PSI, and the recordings made by the victim of the statements made by Julien to her. All of the findings were supported by competent and credible evidence. Because the sentence was within the statutory range, the trial court considered the statutory factors, and there was

evidence to support the trial court's conclusions regarding the factors, the trial court did not err when imposing the sentence. The assignment of error is overruled.

**{¶8}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Hancock County is affirmed.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/hls**